YARDLEY & CO., LTD. v. UNITED STATES

No. 5277.—Invoice dated London, England, December 12, 1940.
Certified December 18, 1940.
Entered at New York January 22, 1941.
Entry No. 738532.

(Decided May 22, 1941)

*Brooks & Brooks* (*Frederick W. Brooks* of counsel) for the plaintiff.

*Charles D. Lawrence*, Acting Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

OLIVER, Presiding Judge: This appeal to reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed by and between counsel for the respective parties hereto, subject to the approval of the Court, that all of the merchandise on the invoices covered by the reappraisement enumerated above, consists of bottles and jars similar in all material respects to the merchandise the subject of *United States* vs. *Guerlain, Inc.*, decided in C. A. D. 146.

It is further stipulated and agreed that the said merchandise was appraised upon the cost of production under Section 402 (f) of the Tariff Act of 1930.

It is further stipulated and agreed that the issue covered by the reappraisement enumerated above, is the same as the issue involved in the case of *United States* vs. *Guerlain, Inc.*, *supra*.

It is further stipulated and agreed that the appraised value of the merchandise, less any additions made by the importer to meet advances by the Appraiser, is equal to the cost of materials, fabrication, manipulation or other process employed in manufacturing or producing such merchandise, plus the usual general expenses, plus the cost of all containers, coverings and other costs, charges and expenses incident to placing the merchandise in packed condition ready for shipment to the United States and plus an addition for profit equal to the profit which ordinarily is added, the case of merchandise of the same general character by manufacturers or producers in the country of manufacture who are engaged in the manufacture of merchandise of the same class or kind.

The said reappraisement is submitted.

It is further affirmed by the undersigned, Frederick W. Brooks, of the firm of Brooks & Brooks, Attorneys for the appellant, that he has personally examined the reappraisement covered by this stipulation and of his own knowledge certifies that said reappraisement has been duly signed and filed within the statutory time.

On the agreed facts I find the cost of production, as that value is defined in section 402 (f) of the tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values for the bottles and jars are the appraised values less any additions made by the importer to meet advances by the appraiser. Judgment will be rendered accordingly.